CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUL 12 AM II: 47

DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO, DIVSION**

DAVID MATTHEW LAYTON # 751249,                  §
          Plaintiff,

                                                §

VS.                                             §       CIVIL RIGHTS ACTION No.

RANDALL C. SIMS'                                §
251st DISTRICT COURT
DISTRICT ATTORNEY                               §
          DEFENDANT.                                    **2:13-cv-129-J**
                                                §

### MEMORANDUM OF LAW

TO THE UNITED STATES MAGISTRATE JUDGE OF SAID COURT:

COMES NOW David Matthew Layton, Plaintiff, pro se file this his CIVIL RIGHTS ACT pursuant to 42 U.S.C. § 1983. Plaintiff will show the Court as follows:

A.   Plaintiff files this Civil Rights Act pursuant to 42 U.S.C. § 1983; Against [Randall C. Sims'] District Attorney for 251st District Court of Potter County, who violated Plaintiff's Rights to **Procedure Due Process of Law**, under the Fifth, Sixth, and the Fourteenth Amendment of the United States Constitution.

### STATEMENT OF CLAIM

B.   [T]he State District Attorney [Defendant Sims'] deprived Plaintiff of a right secured by the Constitution and Law of the United States, and that the Defendant acted under color of Law in his individual capacity, during State Action against Plaintiff in State of Texas vs. David Matthew Layton, in cause No. 34,435-C,34,436-C, and 34,437-C.

i

[D]efendant Sims' has violated Plaintiff rights of due process under the Sixth, and Fourteenth Amendment of the United States Constitution by denying him Counsel for the purpose of DNA testing, after the Texas Statute of Chapter 64.01(c)  FRY v. STATE, 112 S.W.3d 611,612(Tex.App. 2003).   He also deprived Plaintiff Pre/post conviction access to physical evidence for the purpose of DNA testing.  The District Attorney refused to correct the wrong that had been done to Plaintiff under color of Law.

II                    DENIAL OF MOTION FOR DNA TESTING HISTORY

a.   Plaintiff filed his Motion for DNA testing on July 1, 2010, and it was denied by 251st District Court Judge ANA E. ESTEVEZ on July 12, 2010.

b.   Plaintiff appealed the Judge decision to the Seventh Court of Appeals and was affirmed on October 8, 2010.

c.   Plaintiff appealed the Seventh Court of Appeals decision by way of (PDR)  to the Court of Criminal Appeals and was denied on April 8, 2011.

Plaintiff has exhausted all State Remedies on the Motion.

III                 PLAINTIFF REQUESTED THESE ITEMS TO BE DNA TESTING

1.   **DUCT TAPE** -- Hair removed from the duct tape found in Plaintiff's pickup.

2.   **HAIR** -- -- - Hiar found in the bed of the Plaintiff's pickup.

3.   **BLOOD** -- --- Knife with blood found at Plaintiff's home.

4.   **CORD** -- --- Electrical Cord found in thee Plaintiff's pickup.

These items above will exonerate Plaintiff from all blame.

IV                        STATEMENT OF THE CASE

On November 7, 1994, two young girls, Roselle,Lopez, and her sister Maria Hernandez, were taken from the parking lot of San Jacinto Elementary School after the School bus returned them from their classes at Robert E. Lee

Elementary.  They were taken to a Caliche pit in Amarillo of Potter County, Texas  across from the Tascoa Countary Club where one was sexually assaulted and both were physically assaulted and left for dead.  Plaintiff was convicted of this crime on May 9, 1996.  Jury assesed him life imprisonment in the Texas Department of Criminal Justice.  Plaintiff plea not guilty to these allegation.

**V.**                                  ARGUMENT

It is a fundamental Constitutional right for a person to seek relief from a wrongful conviction through a 42 U.S.C. § 1983 Action.  The Prescutor to this is his exhaustion of State Remedies and the showing of a liberty interest which [h]e's been deprived of.  Plaintiff has been deprived of his liberty because Defendant Sims' has denied Plaintiff Counsel to over see Per/post conviction access to physical evidence for the purpose of DNA testing.  However, DNA testing was not available at the time of Plaintiff's trial through no fault of his own.  Accordingly, with the United States Supreme Court "New Ruling", (Section) 42 U.S.C. § 1983 is an entirely appropriate medium for Plaintiff to raise his claim for access to physical evidence for the purpose of DNA testing. **Refer** to HENRY W. SKINNER v. LYNN SWITZER,  131 S.Ct 1289(2011).

**VI**                          CLARIFICATION OF CLAIM

Plaintiff clearly asserts that "he"  is not attacking the conviction, but rather he is attacking evidence resulting from the Defendant denying him Pre/post conviction access to physical evidence for the purpose of DNA testing. Also Defendant Sims' denying Plaintiff Counsel to over see DNA testing to be done. (Exhibit 1).

ARGUMENT AND AUTHORITIES

VII

Plaintiff argues that Randall C. Sims' District Attorney for 251st District Court of Potter County, has violated Plaintiff's rights to [Procedural Due Process of Law] under the Fifth,Sixth, and the Fourteenth Amendment of United States Constitution by denying him Counsel to over see his DNA testing . MYERS, The United States Fifth Circuit Court of Appeals has held that "under the United States Constituion guarantees every criminal Defendant the right to the effective assistance of Counsel during a proceedings. See MYERS v. JOHNSON, 76 F.3d. 1330,1333(5th Cir 1996).  He also depriving Plaintiff Pre/post conviction access to physical evidence for the purpose of DNA testing.  The Defendant Sims' deprived Plaintiff of a right secured by the Constitution and Law of the United States, and that the Defendant Sims' acted under color of State Law in his individual capacity. Refer to  WEST v. ATKING, 108 S.Ct. at id. 2255(quoting; " it is firmly established that a defendant in a § 1983 suit acts under color of State Law when [he] abuses the position given to him by the State in his individual capacity.  MONROE, generally, a public Employee acts under color of State Law while exercising his responsibilities pursuant to State Law. MONROE v. PAPE, U.S. at 172, 81 S.Ct at 476.

HOWEVER, Defendant Sims' denial of Plaintiff access to physical evidence for the purpose of DNA testing has resulted in Plaintiff' **loss** of liberty.

The District Attorney refused to correct the wrong that had been done to Plaintiff under color of State Law.   The United States Supreme Court recently made a New Ruling states:  there is Federal Court subject matter Jurisdiction over Plaintiff's Complaint, and the claim he pressess is cognizable under 42 U.S.C. §§ 1983. Refer to HENRY W. SKINNER v. LYNN SWITZER SUPRA at Id. 131 S.Ct 1289(2011).

4

V

The convicted person establishes by a preponderance of the evidence.

VI

There is a 51% chance that the defendant would not have been convicted if exculpatory results had been obtained through DNA testing

VI1

The request for the proposed DNA testing is not made to unresonably delay the excution a sentence or adminstration of Justice.

UNDER CHAPTER 64.03(a)(1)(B) IT IS REQUIRMENT

Under Texas Statute Chapter 64.03(a)(1)(B) It is requirment if identity is an issue in the case a Convicted Court may order DNA testing in which Plaintiff is being denied. Identity was an issue in the original trial; In open Court Neither victims could not identify Plaintiff as their perpetrator. GARCIA v. STATE, 327 S.W.3d 269,274(Tex.App--San Antono 2010).

VIII        BIOLOGICAL MATERIAL IS IN THE POSSESSION OF THE STATE

Evidence containing biological material was secured by the State in relation to the offense[s] that are the basis of this cause and was in the possession of the State. Such evidence is in possession of the Potter County District Clerk.

PLAINTIFF REQUESTS THE FOLLOWING RELIEF

If the Plaintiff  qualifies for post-DNA testing under the Texas Statute and any other relief the Honorable Court appropriate in this action.

APPENDIX

EXHIBIT  1

Defendant Sims response to Plaintiff Motion for DNA testing on 2010.

Cause No. 34,435-C
Cause No. 34,436-C
Cause No. 34,437-C

EX PARTE

§    IN THE 251st  DISTRICT COURT
§
§    IN AND FOR
§
DAVID MATTHEW LAYTON    §    POTTER COUNTY, TEXAS

## STATE'S RESPONSE TO DEFENDANT'S MOTION FOR FORENSIC DNA TESTING

COMES NOW,  the State of Texas, by and through the District Attorney of Potter County, Texas, and in response to the Defendant's request for post-conviction forensic DNA testing and the appointment of counsel for post-conviction forensic DNA testing and would show the Court the following:

I.

The State would show that in July of 2003, the Court entered an Order Denying Amended Motion For DNA Testing of Evidence And Discharging Court Appointed Counsel. In an opinion dated February 24, 2005, the Court of Appeal for the Seventh District of Texas at Amarillo affirmed the Court's denial of the Defendant's amended motions for DNA testing. Layton v. State, 2005 WL 433343 (Tex.App.-Amarillo, February 24, 2005 (Nos. 07-03-0383-CR, 07-03-0384-CR and  07-03-0385-CR). A copy of the opinion is attached hereto as Exhibit A and is incorporated herein by reference for all purposes.

Therefore, the Defendant's request previous request for forensic DNA testing and appoint of counsel has been denied and the dial of said request has been affirmed on appeal.



1